This suit was begun by the issue of a summons in February, 1879, and has for its object the enforcement of payment of an alleged residue of the debt contracted in the purchase of a tract of land, the title to which was retained by the vendors as a security therefor. The subsequent death of the vendors and vendee has made necessary the introduction of many new parties in the cause, and it has been prolonged with numerous intermediate orders, until Spring Term, 1885, when the cause was referred to E. L. Vaughan to take and state an account to ascertain the amount of the purchase money due for the lands in controversy, and if any, to ascertain to whom the same belongs, c.
At the succeeding term, the referee made his report, finding the facts in regard to payments made of the purchase *Page 332 
money (the only matter in dispute,) to be these: On the day when the bond was given for the purchase money, the purchaser gave the vendors an order in the sum of $550 on the executors of his deceased father, and on the back of the bond, under date April 30th, 1856, is an entry in these words, "Received of C. W. Gray, executors of William Curry, four hundred and fifty dollars on order," signed with the initials "W. M." The order bears date January 31st, 1860, and has the following endorsement: "Received on the within order from C. W. Gray, ex'rs of W. Curry, five hundred and eighty dollars, to be credited on Samuel Curry's note to me and M. D. Gray," signed `W. Masten." The bond or sealed note, order on the executors, and the endorsed payments, were all shown to be in the handwriting of William Masten, deceased.
From these facts, (fully sustained by the evidence,) the referee allowed the single credit of $580 entered on the order, holding that the prior payment upon the note was included in the larger sum, and upon the basis of this computation, there was an unpaid balance of $97.87 due thereon, which, with interest to September 15, 1885, to which period his calculations are made, form an aggregate sum of $248.29. The defendants excepted to the finding that any sum was due on the note, and the plaintiffs moved for confirmation. Upon the hearing, the Court ordered "that said commissioner reform his report, so as to allow the credit of $450 on the note of $550, on the 30th of April, 1856, at the time said credit purports to have been entered."
At Spring Term, 1886, the account was restated and reported in this form: *Page 333 
Note executed March 14, 1856 --------------------------------$550 00 Interest to April 30th, 1856 -------------------------------- 4 12 ------- $554 12 Credit of April 30, 1856 ------------------------------------ 450 00 ------- $104 12 Interest to January 31, 1860 -------------------------------- 23 42 ------- $127 54 Amount paid 31st January, 1860, as shown by order -----------------------------------------------------$580 00 Deduct amount credit on note -------------------------------- 450 00 ------- $130 50 Deduct unpaid balance on note ------------------------------- 127 50 Amount overpaid --------------------------------------------- 2 50
To this reformed report and statement, the plaintiffs excepted, assigning error in giving credit for both sums, when the referee was directed to allow the payment of $450 only, and in the results produced thereby.
At March Term, 1886, a judgment was rendered overruling the exception and confirming the report, from which the record states an appeal was taken by the plaintiffs.
The judgment and entry of the appeal were stricken out at April Term thereafter, and another order substantially the same, and omitting matter not material in the present inquiry, substituted in its place, in this form:
"This cause coming on to be heard upon the report and reformed report of E. L. Vaughan, and exceptions having been filed to the reformed report, and the same having been overruled, the report is in all respects confirmed.
"And thereupon, the cause coming on to be heard upon the pleadings, exhibits, report and admissions of the parties, the *Page 334 
Court doth find and declare, that on the 14th of March, 1856, Anderson Mitchell, William Masten and David Gray, executed a bond to Samuel Curry, in which they agreed that upon payment by him of the sum of $550, they would convey to him the premises described in the complaint; that the same has been fully paid by Curry in his life-time, and that the said Curry died before the bringing of this suit, leaving him surviving the said Annie, his widow, and Chapman, Simon, William and Elizabeth Curry, his children and heirs at law. It is ordered that said Vaughan be appointed to convey title to the land to said heirs of Curry, and that he be allowed $40 for taking the account, and making deed, one half to be paid each by plaintiffs and defendants, and that defendants recover of plaintiffs their costs."
The following is so much of the case on appeal as needs to be set out here:
"E. L. Vaughan, referee, filed report to Fall Term, 1885, and defendant filed exceptions, and Judge Graves sustained the exceptions and made an order accordingly, to which there was no objection by plaintiffs.
"In obedience to Judge Graves' order, the referee reformed his report, allowing the credit of $450 ordered by Judge Graves, and filed the same so reformed at Spring Term, 1886, to which reformed report the plaintiffs filed exceptions, which were argued before Judge Montgomery; and it appearing that the referee (Commissioner Vaughan) had allowed the credit, (ordered by Judge Graves, and reformed his report, to which the defendants did not except,) the exceptions of the plaintiffs were overruled, and the reformed report confirmed."
"The contest was whether the defendants were entitled to a credit of $580 of date 31st January, 1860, and also to a credit of $450 of date 30th April, 1856, the defendants contending they were entitled to both credits, and plaintiffs contending that the defendants were only entitled to one *Page 335 
credit, to-wit: $580. Judge Graves ordered the credit of $450 to be allowed, and the referee having only allowed said additional credit of $450, (the $580 having been allowed in his former report,) would have allowed the defendants a much larger balance than he did allow; but the defendants not excepting thereto, and asking for the confirmation of the report, the same was confirmed, and the decree rendered which appears in the record. Plaintiffs did not ask an appeal at the rendition of the decree. Notice of appeal was not waived, and no amount fixed as the penalty of the appeal bond, but afterwards the plaintiffs served notice of appeal on defendants, and served statement on defendants' counsel, and defendants having returned the same with their exceptions thereto, the Court, after notice of time and place, has settled the foregoing as the case for the Supreme Court."
The plaintiffs appealed.
The appellants complained of the action of the Judge in striking from the record the first, and entering the second, a substituted judgment, as unauthorized by law, notwithstanding no exceptions thereto were then taken. This alone would be sufficient for our refusal to entertain the objection made here for the first time, but a more effectual answer is found in the statement contained in the record, that the substitution was "by consent ofparties."
The only assignment of error which we can consider, consists in the overruling the exceptions to the referee's corrected account, in the particulars suggested, and these are in substance but one exception. *Page 336 
It will be observed, that the objection rests upon a misapprehension of the change made by the referee in the last rendered account. The credit of $580 is allowed in the first, and he does not add thereto the credit of $450, which if done, would enlarge the excess into hundreds, instead of the small sum found to have been overpaid. He states the account upon the basis of allowing, as directed by the Court, the $450 credit as of April 30th, 1856, and the excess in the credit of January 31st, 1860, over the other, as included in it, which $130 is an additional sum paid at the latter date. In other words, the debtor is considered as having paid the smaller sum of $450 at the time of its endorsement on the note, and the further sum of $130 when the order was paid in full, and the credit of $580 entered upon it. The effect of this method of computation is to reduce the interest-bearing principal, after deducting the $450, thereafter to $104 12/100. We do not see any error in this, and if there was error it cannot now be rectified, since the ruling by which that was brought about, in the direction for a reformation of the account, passed without objection from the appellants, as indeed no exception had been taken by them until the second report was made, and the correction was in strict conformity with the order.
There is no error, and the judgment must be affirmed.
No error. Affirmed. *Page 337